**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

DONALD KENNELLY,
            *Defendant-Appellant.*

No. 03-4287

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

KENNETH R. HYATT,
            *Defendant-Appellant.*

No. 03-4296

Appeals from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-02-13)

Submitted: November 19, 2003

Decided: December 22, 2003

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

___

Affirmed by unpublished per curiam opinion.

___

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Jeanette Doran Brooks, Raleigh,

North Carolina; Sue Genrich Berry, Wilmington, North Carolina, for Appellants. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Donald Kennelly and Kenneth R. Hyatt were both convicted by a jury of one count of conspiracy to defraud and to commit mail fraud against the United States, in violation of 18 U.S.C. § 371 (2000), and two counts of mail fraud and aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 2, 1341 (2000).

In these consolidated appeals, Kennelly and Hyatt challenge the sufficiency of the evidence to support their convictions. First, they assert that the evidence was insufficient to sustain their convictions on the conspiracy count because the Government failed to prove the existence of a conspiratorial agreement between them or between either of them and any other person. Second, they assert that because a conviction on the conspiracy count was a necessary predicate to a conviction on the mail fraud and aiding and abetting counts, their convictions on these counts must also be reversed. They also claim that the insufficiency of the evidence was compounded by the district court's instruction on deliberate ignorance, even though the district court granted their requested version of the instruction. Because we conclude these assertions are meritless, we affirm.

In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*,

315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Newsome*, 322 F.3d 328, 333 (4th Cir. 2003) (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). In evaluating the sufficiency of the evidence, this court does not weigh the evidence or review the credibility of witnesses, and where the evidence supports differing reasonable interpretations, the jury decides which interpretation to believe. *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997) (quotations omitted).

"The elements of the crime of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 are: (1) the existence of an agreement, (2) an overt act by one of the conspirators in furtherance of the agreement, and (3) intent to agree to defraud the United States." *United States v. Winfield*, 997 F.2d 1076, 1082 (4th Cir. 1993). The elements of a conspiracy to commit mail fraud are (1) the existence of an agreement to commit mail fraud, (2) willing participation by the defendant, and (3) an overt act by one of the defendants in furtherance of the agreement. *United States v. Edwards*, 188 F.3d 230, 234 (4th Cir. 1999).

To convict a defendant of fraud, the government must prove that he acted knowingly and willfully with the specific intent to deceive. *United States v. Schnabel*, 939 F.2d 197, 203 (4th Cir. 1991). "The willful blindness instruction allows the jury to impute the element of knowledge to the defendant if the evidence indicates that he purposely closed his eyes to avoid knowing what was taking place around him." *Id.* "Moreover, where the evidence presented in the case supports both actual knowledge on the part of the defendant and deliberate ignorance, a willful blindness instruction is proper." *United States v. Abbas*, 74 F.3d 506, 513 (4th Cir. 1996). "This circuit approves a willful blindness instruction when the jury is not permitted to infer guilty knowledge from a mere showing of careless disregard or mistake." *United States v. Guay*, 108 F.3d 545, 551 (4th Cir. 1997) (citing *United States v. Mancuso*, 42 F.3d 836, 846 (4th Cir. 1994)).

"By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement."

*Burgos*, 94 F.3d at 857. "Indeed, a conspiracy may be proved wholly by circumstantial evidence." *Id.* at 858. Our review of the evidence convinces us that the evidence was sufficient to establish an agreement by Kennelly and Hyatt to defraud and to commit mail fraud against the United States. Moreover, we find that under the facts of this case, the district court's deliberate ignorance instruction was warranted. Because we find the evidence was sufficient to sustain Kennelly's and Hyatt's convictions on the conspiracy count, we need not decide whether a reversal of their convictions on this count would require a reversal of their convictions on the mail fraud and aiding and abetting counts.

Accordingly, we affirm Kennelly's and Hyatt's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*